UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| CAROLE A. HOFHINES,<br><br>Plaintiff,<br><br>vs.<br><br>BAC HOME LOANS SERVICING, L.P., a subsidiary of/a.k.a. Bank of America, N.A., a subsidiary of/a.k.a. Bank of America Corporation; PIONEER TITLE CO., and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>Defendants. | Case No. CV 11-460-S-EJL-REB<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Plaintiff's Motion for Leave to Amend Complaint and Request to Remand to State Court (Dkt. 9).

## REPORT

### PROCEDURAL BACKGROUND

Plaintiff Carol A. Hofhines ("Plaintiff") filed her Complaint in the Fourth Judicial District Court of the State of Idaho, in and for the County of Ada on May 11, 2011, followed by a first Amended Complaint on September 26, 2011. The Amended Complaint named as Defendants BAC Homes Loans Servicing, LP, a subsidiary of/a.k.a. Bank of America, N.A., Corporation ("BOA"); Pioneer Title ("Pioneer"), and Mortgage Electronic Registration Systems, Inc. ("MERS").

Bank of America removed this case to federal court on September 30, 2011 on the

**Report and Recommendation - 1**

grounds of diversity jurisdiction, 28 U.S.C. § 1332(a), stating that Plaintiff is a citizen of Idaho, BOA and MERS are not, and averring that Defendant Pioneer was fraudulently joined and its citizenship should be disregarded.

Plaintiff filed a Motion to Remand to State Court and a Motion to Amend First Amended Complaint (Dkt. 9), first arguing that Pioneer is not fraudulently joined but instead is a required party under Fed. R. Civ. P. 19 and alternatively seeking leave to amend to include allegations against Pioneer in her complaint.

## FACTUAL BACKGROUND

Plaintiff borrowed $417,000 and $49,500 on December 5, 2007 from Countrywide Bank, FSB to finance the purchase of real property located at 2495 E. Cyanite Drive, Meridian, Idaho ("the property"). (Amended Complaint, ¶¶ 3-6, Exs. B, B-1). Bank of America is the successor by merger to Countrywide Bank, FSB. (Motion to Dismiss, Ex. A). In addition to signing promissory notes promising to repay her loans, Plaintiff signed two deeds of trust, which secured repayment of the loans with the property. (Am. Compl. ¶ 3, Ex. A, Ex. A-1). Only the first Deed of Trust, securing the loan of $417,000, is at issue.

That Deed of Trust provides that MERS will act "as a nominee for Lender and Lender's successors and assigns" and that "MERS is the beneficiary under this Security Instrument." (Am. Compl., Ex. A.) The Deed of Trust further provides that MERS holds only legal title to the interests granted by Borrower but "has the right: to exercise any or all of [the lender's] interests, including, but not limited to, the right to foreclosure and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument." (Am. Compl., Ex. A.) Elsewhere, the Deed of Trust recites that

Plaintiff "irrevocably grants and conveys to Trustee, in trust, with power to sale" the property. (*Id*.) The listed Trustee is Fidelity National Title Insurance Co. (*Id*.) The Deed of Trust was recorded December 14, 2007 as Instrument No. 107165405. (*Id*.)

On June 16, 2010, MERS assigned the Deed of Trust to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("BAC")[1]. (Motion to Dismiss, Ex. B). That same day BAC appointed ReconTrust Company, N.A. as successor trustee. (*Id*., Ex. C). The documents purporting to accomplish these actions were recorded on June 17, 2010. (*Id*, Exs. B & C.) ReconTrust issued a Notice of Default on June 16, 2010, stating that Plaintiff owed over $16,000 on the loan secured by the Deed of Trust. (*Id*., Ex. D.)

Plaintiff filed a Complaint to Quiet Title in state court on May 11, 2011, and then a First Amended Complaint on September 26, 2011. She alleges a failure to maintain and produce the note, contends that the Defendants have been unjustly enriched, and she requests that title be quieted in her favor because the Deed of Trust allegedly does not comport with Idaho law.

Defendant Bank of America removed the case to this Court on September 30, 2011, alleging diversity jurisdiction. (Dkt. 1). BOA alleges that the amount in controversy exceeds $75,000, premised upon Plaintiff's unjust enrichment claim which seeks over $100,000, and upon the fact that the original loan balance was $417,000. In actions to quiet title, the amount of controversy is often determined to be the value of the home or the debt owed. *See Rodriguez v. Wells Fargo Bank, N.A.*, 2011 WL 6304152, *3 (N.D. Cal. Dec. 16, 2011). BOA also contends that complete diversity exists among the parties if Pioneer's citizenship is disregarded, which BOA argues should be done because Pioneer is fraudulently joined in this

---

[1] Bank of America is the successor by merger to BAC.

**Report and Recommendation - 3**

action.

In response, Hofhines has filed a Motion for Leave to Amend Complaint and a Motion to Remand. Hofhines contends diversity did not exist at the time of removal and, in the alternative, seeks leave to amend her complaint to "more fully demonstrate that Pioneer Title is more than a minimally necessary party and that the joinder of Pioneer is not a fraudulent joinder." (Dkt. 10). As discussed below, the propriety of removal to federal court is determined by the nature of the claims at the time of removal. Therefore, the Court will first consider Plaintiff's Motion to Remand. If the Court determines that it *does* have jurisdiction, the Court will then decide Plaintiff's Motion to Amend.

## DISCUSSION

1. **Jurisdiction is Proper in Federal Court**

Under 28 U.S.C. § 1441, a defendant may remove an action originally filed in state court to federal court if the federal court would have had original jurisdiction when the action first commenced. 28 U.S.C. § 1332(a) provides federal jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state." The amount in controversy is determined by the amount of damages in dispute. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Diversity of citizenship must exist when an action is filed in state court and when a defendant petitions for removal. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 390 (1998). Diversity is generally determined from the face of the complaint. *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986).

BOA contends, both in its Notice of Removal and Response to Motion to Remand, that

**Report and Recommendation - 4**

Pioneer was fraudulently joined and its citizenship should not be considered in deciding whether complete diversity exists.

For federal diversity jurisdiction, there must be "complete diversity" between the parties, such that "each of the plaintiffs [is] a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996)). The presence of fraudulently joined defendants does not prevent removal. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Id*.

Pioneer is mentioned only in the caption of the Amended Complaint. There is no mention of or allegation against Pioneer anywhere in the body of the Amended Complaint, even in the "general allegations" which describes the purported roles of the other Defendants. (Dkt. 1-6, p. 2.) The Amended Complaint is utterly devoid of any allegations or statements from which the Court could construe any claim against Pioneer. Accordingly, the joinder of Pioneer is fraudulent under Ninth Circuit case law. The Court finds that diversity jurisdiction exists and hereby recommends that Plaintiff's motion to remand be denied.

**2.     Pioneer is Not a Required Party**

Along with her motion to remand, Plaintiff argues under Fed. R. Civ. P. 19, Pioneer is a "required party" that must be joined because complete relief cannot be afforded without its presence. Hofhines bases this argument on the allegation that Pioneer is an agent of the

**Report and Recommendation - 5**

trustee, ReconTrust,[2] and would have been the entity to conduct the foreclosure sale. (*See* Plaintiff's Motion, Dkt. 9, pp. 3-4). She contends Pioneer is a "real party in interest for purposes of any declaratory judgment or equitable relief that may be temporarily or permanently granted." (Motion, p. 4).

Rule 19(a) calls for an alternative analysis. First, the Court considers whether complete relief could be awarded to the existing parties without joining the non-party. *Paiute-Shoshone Indians of Bishop Community of Bishop Colony, Cal.*, 637 F.3d 993, \*\* (9th Cir. 2011). Alternatively, the Court asks whether the *non*-party has a legally protected interest in the action that would be impaired or impeded by adjudicating the case without it. *Id.* If either of those are answered in the affirmative, then the party is a "required party" under Rule 19(a).

In answering the first inquiry, the Court has reviewed the relief sought by Plaintiff. She (a) seeks an order prohibiting any foreclosure efforts; (b) requests a declaratory judgment deeming any attempt to create a security from the Deed of Trust as failed and that the Deed cannot be treated as a mortgage for purposes of judicial foreclosure; (c) seeks an order quieting title to Plaintiff free from any encumbrances created by the Note or Deed of Trust; and (d) seeks an award of damages for unjust enrichment.

At most, Plaintiff contends that Pioneer is acting as an agent[3] for ReconTrust, the successor trustee. Even so, there is no sensible argument, nor anything in the record, that

---

[2] ReconTrust is not a named party in either the Amended Complaint or Proposed Second Amended Complaint.

[3] The Court is, however, hard-pressed to see how an agency relationship exists between ReconTrust and Pioneer where the only mention of Pioneer anywhere in the record is in the Notice of Trustee's Sale.

**Report and Recommendation - 6**

Pioneer was to receive, or did receive, any payments on the Note in any capacity. If any unjust enrichment occurred, it could not have been in Pioneer's office. Accordingly, relief for Plaintiff's unjust enrichment claim could be awarded without Pioneer's presence. As to the other relief Plaintiff seeks-- to have title quieted in her favor, stop foreclosure efforts and invalidate the Deed of Trust-- Pioneer is at most, an agent for ReconTrust. Pioneer's presence in the action would have no bearing on whether title is quieted in Plaintiff's favor or whether the Deed of Trust is invalidated. Further, efforts to stop the foreclosure can be pursued without Pioneer. The certainty that does exist in the record as to Pioneer completely belies any factual basis for a claim against Pioneer. For example, the Notice of Trustee's Sale was executed by ReconTrust at the election of the Beneficiary, BOA. The only reference to Pioneer is in the Notice of Trustee's Sale that states that the Trustee's sale is to take place at Pioneer's office. (Dkt. 10-3). To stop foreclosure proceedings, an order preventing BOA from proceeding with foreclosure would be sufficient. Accordingly, the Court finds that complete relief can be afforded without Pioneer's presence.

Under the second inquiry, if Pioneer has a legally protected interest in the action that would be impaired or impeded by adjudicating the case without it, then it is a required party. The Court finds nothing in the record to indicate that Pioneer has an interest in the action that would be impaired without its presence as a party. Pioneer is not named anywhere on the Deed of Trust, Assignment of Deed of Trust, or Appointment of Successor Trustee. Its name only appears on the Notice of Trustee's Sale as the location where the sale is to take place. It seemingly has *no* interest in this action, other than the physical location set for the Trustee's sale. Accordingly, Pioneer is not a required party under Rule 19(a). Moreover, it appears that

Pioneer is, at most, a nominal party that would have conducted the foreclosure sale.  A nominal defendant is "a [party] who 'holds the subject matter of the litigation in a subordinate or possessory capacity and to which there is not dispute.'" *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (quoting *S.E.C. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991)).  Trustees, along with agents or depositories, are often found to be nominal parties.  *Colello*, 139 F.3d at 676.

### 3. Plaintiff Will Not be Granted Leave to Amend

Plaintiff seeks to amend her already amended complaint to further develop the allegations against Pioneer,  pursuant to Fed. R. Civ. P. 15(a).  Under Rule 15(a), leave to amend "shall be freely given when justice so requires."  *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946 (9th Cir. 2006).  However, a district court need not grant leave to amend where the amendment:  "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."  *Id*.

Plaintiff avers that her proposed amendment will fully demonstrate that Pioneer is more than a minimally necessary party and joinder is not fraudulent.  She also seeks to add a direct cause of action against Pioneer.  However, the Court cannot find the substance of such ambitions in the actual Proposed Second Amended Complaint (Dkt. 9-1).  The "amended" provisions add approximately four paragraphs to the complaint.  The first, included in the "general allegations" section of the complaint, states:

> Based upon information and belief Pioneer Title Company is the agent of the purported trustee to the Deed of Trust, Recontrust Company N.A.. While no claim for money damages is presently made against Pioneer based upon this role, they are an interested party for purposes of any declaratory judgment or equitable relief that may be temporarily or permanently granted by the Court.

Plaintiff also adds two paragraphs under Count Three: Unjust Enrichment[4] which state:

> 39. Plaintiff re-alleges each and every allegation previously stated in paragraphs 1 through 38 above and incorporates by reference those allegations as if set forth in full herein.
> 40. It is believed that Pioneer Title closed this loan or insured title and yet recorded the invalid Deed of Trust and thereby improperly and or intentionally or negligently encumbered title against the property which thus breached any title insurance made to Plaintiff and or breached potential fiduciary duties owed to Plaintiff by Pioneer title and otherwise caused monetary damages and potential slander of or clouded title against the property.

Then, under "Further Pleading," it is stated that "Plaintiff will seek both temporary and permanent injunctive relief to postpone or otherwise preclude the sale of the property as to any party or their agent."

As discussed above, the only place Pioneer is mentioned in the record is as the location where the Trustee's Sale was to occur. The Court is satisfied that the reason for including Pioneer was to defeat diversity. Even if that was not the case and the Court accepts Plaintiff's arguments regarding Pioneer's inclusion for declaratory relief, any declaratory relief that would be granted in Plaintiff's favor would be directed at BOA, the beneficiary under the Deed of Trust, not at Pioneer.

Further, the Court finds that the new allegations made in the proposed Second Amended Complaint are vague and without substance. It is still not entirely clear what claim or claims are being made in paragraph 40, which leaves the second amended complaint just as devoid of any sensible claim, and factual support for such claim, against Pioneer as is the case with the

---

[4] Plaintiff states in her motion she is bringing a new cause of action against Pioneer but the allegations are included under Count Three and she does not give a title to a separate cause of action. However, the new allegations set forth under Count Three do not make out a claim for unjust enrichment.

**Report and Recommendation - 9**

Amended Complaint. The allegations are conclusory, and without support. Plaintiff offers no name for a claim, which by itself might not be fatal to her argument, but in addition the claim she appears to be attempting to make either does not exist or is not plausible on the face of the proposed second amended complaint. Because the allegations are so loosely set out, do not clearly state what claim is being brought and lack factual support, it appears the motive behind amending the complaint is to destroy diversity, without a basis for any actual claim against Pioneer.

Additionally, the Court finds that allowing the amendment would be futile. Evaluating whether a proposed amendment is futile requires the Court to determine whether the amendment would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and in making this evaluation, the Court is confined to review of the proposed amended pleading. *Nordyke v. King*, 644 F.3d 776, 788 n .12 (9th Cir.2011); (citing *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)). To withstand a motion to dismiss, a plaintiff must provide more than labels and conclusions and include enough factual allegations that raise the right to relief "above the speculative level." *Iqbal*, 129 S.Ct. At 949. The allegations set forth in Plaintiff's proposed claim against Pioneer would not survive a motion to dismiss. The Court cannot reasonably discern what claim, or claims, are being brought when reading through the allegations, especially those in paragraph 40. When the Court cannot even discern what claim the Plaintiff is attempting to bring, regardless of the fact that there is also a lack of factual allegations in support of such claim(s), that amendment is inescapably futile.

On this record, the Court finds that Plaintiff does not have a basis–even where

**Report and Recommendation - 10**

amendment is ordinarily freely granted–to make the proposed amendments and that any such amendments would be futile. The Court also finds that Pioneer is, at most, a nominal party whose existence, if joined, would not defeat diversity. *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000). Even if Plaintiff were correct in her contention that Pioneer's presence in this lawsuit is necessary if any injunctive or declaratory relief is ordered, such a contention does not make Pioneer more than a nominal party. Rather, the argument is more like that of a nominal party, since a nominal party is often one that is included because it "holds the subject matter of the litigation." *Id.* Here, Plaintiff struggles even to make that tenuous of a connection as to Pioneer.

## RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1) Plaintiff's Motion for Leave to Amend Complaint and Request to Remand to State Court (Dkt. 9) be DENIED.

DATED: **May 16, 2012**

Honorable Ronald E. Bush
U. S. Magistrate Judge