UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| CAROLE A. HOFHINES,<br><br>    Plaintiff,<br><br>vs.<br><br>BAC HOME LOANS SERVICING, L.P., a subsidiary of/a.k.a. Bank of America, N.A., a subsidiary of/a.k.a. Bank of America Corporation; PIONEER TITLE CO., and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>    Defendants. | Case No.  CV 11-460-S-EJL-REB<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Defendants Bank of America, N.A., successor by merger to BAC Homes Loans Servicing, LP ("Bank of America") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively, "Defendants") Motion to Dismiss (Dkt. 11).  Defendant Pioneer joins in the motion (Dkt. 24).

## REPORT

### PROCEDURAL BACKGROUND

Plaintiff Carol A. Hofhines ("Plaintiff") filed her Complaint in the Fourth Judicial District Court of the State of Idaho, in and for the County of Ada on May 11, 2011, followed by an Amended Complaint on September 26, 2011.  The Amended Complaint named as Defendants BAC Homes Loans Servicing, LP, a subsidiary of/a.k.a. Bank of America, N.A., Corporation; Pioneer Title ("Pioneer"), and Mortgage Electronic Registration Systems, Inc.

**Report and Recommendation - 1**

("MERS"). She alleges a failure to maintain and produce the note, contends that the Defendants have been unjustly enriched, and she requests that title be quieted in her favor because the Deed of Trust allegedly does not comport with Idaho law.

Defendant Bank of America removed the case to this Court on September 30, 2011, alleging diversity jurisdiction. (Dkt. 1). The Court found that this case was properly removed and recommended that Plaintiff's Motion to Remand and Motion for Leave to Amend the Complaint be denied (Dkt. 39).

## FACTUAL BACKGROUND

Plaintiff borrowed $417,000 and $49,500 on December 5, 2007 from Countrywide Bank, FSB to finance the purchase of real property located at 2495 E. Cyanite Drive, Meridian, Idaho ("the property"). (Amended Complaint, ¶¶ 3-6, Exs. B, B-1). Bank of America is the successor by merger to Countrywide Bank, FSB. (Motion to Dismiss, Ex. A). Plaintiff signed two promissory notes promising to repay her loans. These promissory notes listed Countrywide Bank, FSB as the lender and stated: "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" (Amend. Compl., Exs. B, B-1).

In addition to signing promissory notes promising to repay her loans, Plaintiff signed two deeds of trust, which secured repayment of the loans with the property. (Am. Compl. ¶ 3, Ex. A, Ex. A-1). Only the first deed of trust ("the Deed of Trust") and promissory note ("the Note"), securing the loan of $417,000, are at issue. The Deed of Trust was recorded on December 14, 2007 in Ada County, Idaho (Instrument No. 107165405) and names (1)

**Report and Recommendation - 2**

Countrywide Bank, FSB as lender, (2) Fidelity National Title Insurance as trustee, (3) MERS as beneficiary, and (4) Plaintiff as the borrower. (*Id*., Ex. A.) The Deed of Trust provides that MERS will act "as a nominee for Lender and Lender's successors and assigns" and that "MERS is the beneficiary under this Security Instrument." (*Id*.) The Deed of Trust further provides that: "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of [the lender's] interests, including, but not limited to, the right to foreclosure and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument." (Am. Compl., Ex. A.) Elsewhere, the Deed of Trust recites that Plaintiff "irrevocably grants and conveys to Trustee, in trust, with power to sale" the property. (*Id*.)

On June 16, 2010, MERS assigned the Deed of Trust to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("BAC")[1]. (Motion to Dismiss, Ex. B). That same day BAC appointed ReconTrust Company, N.A. as successor trustee. (*Id*., Ex. C). The documents purporting to accomplish these actions were recorded on June 17, 2010. (*Id*, Exs. B & C.) ReconTrust issued a Notice of Default on June 16, 2010, stating that Plaintiff owed over $16,000 on the loan secured by the Deed of Trust. (*Id*., Ex. D.)

## DISCUSSION

**A. Legal Standard**

Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing

---

[1] Bank of America is the successor by merger to BAC.

**Report and Recommendation - 3**

that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by an Fed. R. Civ. P. 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

In a more recent case, the Supreme Court identified two "working principles" that underlie the decision in *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common

**Report and Recommendation - 4**

sense." *Id.*

Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783, n.1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts.").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued two months after *Iqbal*).[2] The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether the plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2008)

---

[2] The Court has some concern about the continued vitality of the liberal amendment policy adopted in *Harris v. Amgen*, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting, in part, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim . . . ." Given *Twombly* and *Iqbal's* rejection of the liberal pleading standards adopted by *Conley*, a question arises whether the liberal amendment policy of *Harris v. Amgen* still exists. Nevertheless, the Circuit has continued to apply the liberal amendment policy even after dismissing claims for violating *Iqbal* and *Twombly*. *See, e.g.*, *Market Trading, Inc. v. AT&T Mobility, LLC*, 2010 WL 2836092 (9th Cir. July 20, 2010) (not for publication). Accordingly, the Court will continue to employ the liberal amendment policy.

**Report and Recommendation - 5**

(citations omitted).

**B.   Idaho Law is Settled that Defendants are Not Required to Produce the Note**

In her Amended Complaint, Plaintiff contends that the Original Note must be kept by the lender and produced after the lender has demanded payment and borrower requests proof of the original note's existence. (Amend. Compl., ¶ 28). Plaintiff contends that because Defendants have not complied with these "requirements," they are not entitled to nonjudicial foreclosure, Plaintiff is entitled to withhold payment and should have title quieted in her if the original note is not produced within a year. Plaintiff cites to a section of Idaho's Uniform Commercial Code[3] for the proposition that she has the right to demand that Defendants produce the original note.

The Idaho Supreme Court has recently held that the Idaho Deed of Trust Act ("the Act"), I.C. §§ 45-1502--1515, sets forth *all* of the requirements to foreclose on a deed of trust. *Trotter v. Bank of New York Mellon*, -- P.3d --, 2012 WL 975493, *4 (Idaho March 23, 2012). That is, so long as I.C. §§ 45-1505 and 45-1506 are complied with, property may be foreclosed upon. *Id*. The Idaho statutes governing trust deed foreclosure do not require the trustee to produce the promissory note that was executed along with the deed of trust in order to initiate nonjudicial foreclosure proceedings; "a trustee may initiate nonjudicial foreclosure proceedings on a deed of trust without first proving ownership of the underlying note. . ." *Id*.

Further, to the extent Plaintiff makes an argument that there is a requirement under

---

[3] Specifically, she cites to I.C. § 28-3-501(2)(b): "[u]pon demand of the person to whom presentment is made, the person making presentment must (I) exhibit the instrument, (ii) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and (iii) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made."

**Report and Recommendation - 6**

Idaho's Uniform Commercial Code for Defendants to produce the note, this argument is foreclosed by the holding in *Trotter*, and in *Spencer v. Jameson*, 211 P.3d 106 (Idaho 2009), which recognized the "comprehensive regulatory scheme for nonjudicial foreclosure of deeds of trust." *Id.*, at 116.  The power to conduct a trustee's sale granted by the Deed of Trust is not equivalent to enforcing an instrument under the Uniform Commercial Code and there is no requirement under Idaho law for the production of the note prior to foreclosing upon the property, a rule that holds in other jurisdictions as well.  *See, e.g., Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (noting that the absence of any controlling authority providing that the cited Arizona U.C.C. section applies in nonjudicial foreclosure proceedings); *Wayne v. HomEq Servicing, Inc.*, 2008 WL 4642595, *3 (D. Nev. Oct. 16, 2008) (explaining that "[c]ourts across the country have rejected claims by plaintiffs asserting a duty by the lender to provide the original note under the U.C.C. to prove its holder in due course status").  The Deed of Trust conveyed the power of sale to the trustee and also gave MERS, as nominee for the Lender, the right to foreclose and sell the property.  (Amend. Compl., Ex. A).  Accordingly, because there is no duty to "produce the Note" (Amend. Compl., Count I) under Idaho law, Plaintiff fails to state a claim upon which relief may be granted and the Court recommends this claim be dismissed.

**C.   Plaintiff is Not Entitled to Have Title Quieted in Her**

In her Amended Complaint, Plaintiff seeks to have title quieted in her on the basis of several grounds.  These include: the Deed of Trust does not comport with I.C. § 45-1502 because MERS is named as both "beneficiary" and as "trustee" holding legal title; the Deed of Trust has been split from the Note because MERS names itself as beneficiary and the Note has

**Report and Recommendation - 7**

been securitized; and the Note does not comply with the Statute of Frauds.  (Amend. Compl. ¶¶ 30-35).

### 1. Plaintiff Did Not Plead Tender

In Idaho, a quiet title "action may be brought by any person against another who claims an estate or interest in real or personal property adverse to him, for the purpose of determining such adverse claim."  I.C. § 6-401.  The "purpose of a quiet title action is to establish the security of title."  *Roselle v. Heirs and Devisees of Grover*, 789 P.2d 526, 529 (Idaho Ct. App. 1990).

"A mortgagor cannot without paying his debt quiet title as against the mortgagee." *Trusty v. Ray*, 249 P.2d 814, 817 (Idaho 1952).  This is true even when the mortgagee has failed to pursue a foreclosure action within the applicable statute of limitations.  *Id.*; *see also In re Mullen*, 402 B.R. 353, 358 (Bankr. D. Idaho 2008).  For almost 100 years, the tender rule has been applied in quiet title suits seeking equitable relief.  In the 1915 case of *Power & Irrigation Co. of Clear Lake*, the Ninth Circuit explained that regardless of possession by the grantee of the mortgage, the grantor of the mortgage could remove the cloud on the title upon "doing equity by redemption and payment of the mortgage debt, . . . and that he must do equity by payment of the balance of the debt, as a condition of removing the cloud," even if the lien of the mortgage was extinguished.  226 F. 634, 639 (9th Cir. 1915).  The court explained that, even though the right to enforce the mortgage by foreclosure had expired by limitation, the plaintiff was required, in equity, to pay the mortgage debt to obtain relief under a quiet title action.  *Id*. at 640-41.  *See also Kelley v. Clark*, 129 P. 921, 926 (Idaho 1913) (stating the "one who asks equity must do equity" and, upon a showing that plaintiff owed the debt, plaintiff

**Report and Recommendation - 8**

was required to pay the amount due upon the mortgage foreclosure decree before the court, in equity, would quiet title in the plaintiff).

Plaintiff has not included an assertion that she has tendered payment of her debt obligation. Instead, she contends the Deed of Trust is invalid and void. However, without even an allegation that she has or is able to tender payment on her loan, she cannot succeed on a quiet title action, as a matter of law. *See Washburn v. Bank of America, N.A.*, 2011 WL 7053617, *3 (D. Idaho Oct. 21, 2011).

### 2. MERS is not Designated as Both Beneficiary and Trustee

Plaintiff argues that the Deed of Trust names MERS as both the "beneficiary" and as the entity holding "legal title" (making it "trustee" under I.C. § 45-1502(4)), thereby violating Idaho law.

Idaho Code § 45-1502(1) defines "beneficiary" as "the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or his successor in interest, and who shall not be trustee." Trustee is defined as a "person to whom the legal title to real property is conveyed by trust deed, or his successor in interest." I.C. § 45-1502(4).

The Deed of Trust names Fidelity National Title Insurance Co. as "trustee" and MERS as the "beneficiary." (Amend. Compl., Ex. A). The Deed of Trust also states:

> Borrower understands and agrees that MERS holds only legal title *to the interests granted by Borrower in this security instrument*, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclosure and sell the Property; and to take any action required of Lender, including, but not limited to, releasing and canceling this Security Instrument.

(*Id*., emphasis added). Plaintiff places emphasis on the following language also included in

**Report and Recommendation - 9**

the Deed of Trust: "Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property . . ." Plaintiff contends that by this statement, the Deed of Trust indicates that MERS holds legal title to the property; therefore MERS is a trustee and cannot be a beneficiary under I.C. § 45-1502(1). (Response, pp. 16-17).

   A deed of trust creates a contractual power of sale, and like other contracts, is ambiguous if it is "reasonably subject to conflicting interpretation." *Rutter v. McLaughlin*, 612 P.2d 135, 136 (Idaho 1980). The court must construe the instrument "as a whole and consider it in its entirety to determine whether it is reasonably subject to conflicting interpretations." *Murr v. Selag Corp.*, 747 P.2d 1302, 1310 (Idaho 1987). The Idaho Supreme Court has recognized that for "practical purposes a deed of trust is only a mortgage with power of sale, title to the real estate does not pass for the purpose of the trust. Legal title to the property is conveyed by the deed of trust to the trustee." *Defendant A v. Idaho State Bar*, 978 P.2d 222, 225 (Idaho 1999) (internal citations omitted).

   The Court disagrees with Plaintiff's interpretation of the Deed of Trust. The Deed of Trust designates Fidelity National Title Insurance Co. ("Fidelity") as trustee. There is no similar language designating MERS in the same shoes as Fidelity, or otherwise confusing the legal rights and responsibilities. The Deed of Trust designates MERS as the beneficiary and gives MERS an interest in the Deed of Trust solely as nominee for the Lender. *See, e.g., Cervantes v. Countrywide Homes Loans, Inc.*, 656 F.3d 1034, 1039 (9th Cir. 2011) (in describing the role of MERS, the court noted that "MERS is designated in the deed of trust . . . as the deed's 'beneficiary' which holds legal title to the *security interest* conveyed." (Emphasis added.)) The Deed of Trust does not name MERS as both beneficiary and trustee

**Report and Recommendation - 10**

and does not contravene Idaho law.[4]

### 3. The Promissory Note Does Not Violate the Statute of Frauds

Plaintiff argues that the Note does not comply with the Statute of Frauds because it does not include a legal description of the property, was not duly executed and should fail as an "alternative security for Lender." (Amend. Compl. ¶ 35).

Under Idaho's statute of frauds pertaining to transfers of real property, agreements for the sale of such property must be in writing and subscribed by the party to be charged. I.C. § 9-503. Because a deed of trust involves an interest in real property, it must comply with the statute of frauds. *See Ogden v. Griffith*, 236 P.3d 1249, 1253 (Idaho 2010); *Ray v. Frasure*, 200 P.3d 1174, 1177 (Idaho 2009) (holding that an agreement for the sale of real property must contain a description of the property). However, a promissory note is not an instrument conveying or affecting an interest in real property but instead a promise to repay the loan and is not subject to I.C. § 9-503.

Plaintiff also contends that any agreement that "by its terms is not to be performed within a year from the making thereto" must be in writing pursuant to I.C. § 9-505(1) and that this "bilateral contract" must be signed by both parties, the lender and the borrower. The only promise in the Note is made by Plaintiff, the borrower, to repay the loan. This is a unilateral contract which only requires the signature of the party charged with performance. *See C. Forsman Real Estate Co., Inc. v. Hatch*, 547 P.2d 1116, 1120 (Idaho 1976). The promissory

---

[4] Idaho state district courts have held similarly. *See Payne v. Chase Home Finance, LLC*, Jefferson County District Court, Case No. CV-2011-451 (Nov. 15, 2011); *Carter v. IBM Lender Business Process Servs., Inc., et al.*, Bonneville County District Court, Case No. CV-2011-647 (Jan. 11, 2012).

**Report and Recommendation - 11**

note is signed by Plaintiff and complies with Idaho law.  Additionally, under Idaho law, a negotiable instrument only requires the signature of the "person undertaking to pay."  I.C. § 28-3-103(1)(I).

### 4. The Securitization of the Loan Did Not Extinguish the Security Interest

Plaintiff alleges that the "Note and Deed are separated by the securitization of the Note and that neither MERS nor any other Defendant have standing or legal ability to foreclose." (Amend. Compl. ¶ 33).  To the extent that Plaintiff is contending that Defendants must establish they have "standing" in order to foreclose, that argument has been rejected by the Idaho Supreme Court in *Trotter,* as discussed above.

With regard to the "securitization" argument, several courts have rejected various theories that "securitization of a loan somehow diminishes the underlying power of a sale that can be exercised upon a trustor's breach."  *West v. Bank of America*, Case No. CV10-1966-JCM, 2011 WL 2491295 at *2 (D. Nev. June 22, 2011).  *See also Beyer v. Bank of America*, 800 F.Supp.2d 1157, 1159 (D. Or. 2011) (rejecting an argument that a trust deed is void when separated from a promissory note); *Hafiz v. Greenpoint Mortg. Funding, Inc*., 652 F.Supp.2d 1039 (N.D.Cal. 2009) (rejecting plaintiff's theory that defendants "lost their power of sale pursuant to the deed of trust when the original promissory note was assigned to a trust pool"); *Chavez v. California Reconveyance Co.*, Case No. 2:10–cv–00325–RLH–LRL, 2010 WL 2545006 at *2 (D. Nev. June 18, 2010) ("The alleged securitization of Plaintiffs' Loan did not invalidate the Deed of Trust, create a requirement of judicial foreclosure, or prevent Defendants from being holders in due course.").  The Court finds the reasoning of these cases persuasive in the factual context of this case.  Accordingly, to the extent Plaintiff seeks to

**Report and Recommendation - 12**

argue that the securitization of the loan voids Defendants' interest in the property, it is recommended that the Motion to Dismiss be granted.

### 5. Role of MERS Does Not Render Deed of Trust Invalid

Plaintiff contends that because MERS names itself as beneficiary of the Deed of Trust, the Deed of Trust was split from the Note at the inception and Defendants do not have the ability to foreclose. The Note identifies Countrywide Bank, FSB as Lender. The Deed of Trust states MERS is the beneficiary "solely as nominee for Lender and Lender's successors and assigns" and grants MERS the power to initiate foreclosure and make assignments.

The Deed of Trust explicitly states that MERS is acting as nominee for the Lender; thereby, the Deed of Trust has not been split from the Note. Both the Deed of Trust and Note are for the benefit of the Lender; MERS, the named beneficiary in the Deed of Trust is acting "solely as nominee for Lender." *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (D. Ariz. 2011) (finding that under Arizona law that a split would only render a mortgage unenforceable if MERS or the trustee, as nominal holders of the deed, are not agents of the lenders and stating "even if we were to accept the plaintiffs' premise that MERS is a sham beneficiary and the note is split from the deed, we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose"). *See also Carter v. IBM Lender Business Process Servs. Inc., et al.*, Bonneville County District Court, Case No. CV-2011-647 (Jan. 11, 2012) (finding the lender and its successors and assigns are designated entities for whose benefit the deed of trust was given).

Further, to the extent Plaintiff challenges the assignment made from MERS to BAC (now Bank of America), this assignment was valid under the Deed of Trust which gave MERS the

**Report and Recommendation - 13**

right to exercise any or all of Lender's interests in the Deed of Trust. *See Fowler v. ReconTrust Company, N.A.*, 2011 WL 839863 (D. Utah March 10, 2011) (in interpreting the same deed of trust language, finding that MERS is able to take any actions that the Lender could). As nominee, MERS acts as the agent of the lender and had the authority to assign its beneficial interest in the Deed of Trust to BAC/Bank of America. *See Hobson v. Wells Fargo Bank, N.A.*, 2012 WL 505917, at *5 (D. Idaho Feb. 15, 2012). The decisions relied upon by Plaintiff in making her argument on this issue are inapposite to the result she seeks. *See In re Wilhelm*, 407 B.R. 392, 404 (Bankr. D. Idaho 2009) (addressing whether MERS had authority to transfer the promissory notes at issue); *In re Sheridan*, 2009 WL 631355, (Bankr. D. Idaho March 12, 2009) (discussing MERS' authority to bring a motion for stay relief); *Landmark National Bank v. Kesler*, 216 P.3d 158 (Kan. 2009) (discussing whether MERS was an indispensable party who should be allowed to intervene in a foreclosure action initiated by another lender).

      6.     **Conclusion**

The Court recommends that Plaintiff's claim to quiet title be dismissed. Plaintiff has failed to allege tender, a well-settled requirement under Idaho law in an action to quiet title. Further, Plaintiff's arguments in favor of her quiet title claim, namely that the Deed of Trust and Note are invalid, are rejected, as discussed in detail above.

**D.    Plaintiff's Unjust Enrichment Claim Fails**

Plaintiff alleges if Bank of American cannot produce the note and if none of the Defendants can show they had the right to enforce the Note, they should be required to pay over to Plaintiff any sums paid by Plaintiff as payments made on the Note. (Amend. Compl.

**Report and Recommendation - 14**

¶ 38).

To prevail on an unjust enrichment claim, plaintiff must prove: "(1) a benefit conferred upon defendant by plaintiff; (2) appreciation by the defendant of the benefit; (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment of the value thereof." *Aberdeen-Springfield Canal Co. v. Peiper*, 982 P.2d 917, 923 (Idaho 1999).

To the extent that Plaintiff's unjust enrichment claim is premised on the argument that Defendants must "produce the note," this argument is rejected as discussed above. The doctrine of unjust enrichment does not apply where there is an enforceable express contract between the parties covering the same subject matter. *Wilhelm v. Johnston*, 30 P.3d 300, 307 (Idaho Ct. App. 2001) (finding that the existence of an enforceable promissory note and deed of trust precluded the application of unjust enrichment).

There is a Deed of Trust and Note that covers the subject matter of this litigation. The Court finds that Plaintiff has not stated a claim that invalidates the Deed of Trust or the Note. It is clear under both the Deed of Trust and Note, that Plaintiff had an obligation to repay the loan and she does not allege that any payments she made did *not* go towards her loan obligation. Notably, Plaintiff also fails to allege she has not defaulted on her loan obligation. Plaintiff does not state a claim for unjust enrichment and the Court recommends that this claim be dismissed.

**Report and Recommendation - 15**

## RECOMMENDATION

For the foregoing reasons, it is hereby recommended that the District Court GRANT Defendants' Motion to Dismiss (Dkt. 11).

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty pages . . . within fourteen (14) days. . ., unless the magistrate or district judge sets a different time period."  Additionally, the other party "may serve and file a response, not to exceed ten pages, to another party's objections within fourteen (14) days after being served with a copy thereof."

DATED:  **June 1, 2012**

Honorable Ronald E. Bush
U. S. Magistrate Judge