UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAROLE A. HOFHINES,<br><br>           Plaintiff,<br><br>  v.<br><br>BAC HOME LOANS SERVICING,<br>L.P., et al<br><br>           Defendants. | Case No. 1:11-CV-00460-EJL-REB<br><br>**ORDER ADOPTING REPORT**<br>**AND RECOMMENDATION** |

On June 1, 2012, United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation (Dkt. 40) in this matter. Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. Plaintiff filed an objection and supplemental authority on June 15, 2012. Defendants filed a response to Plaintiff's objections on July 2, 2012. The matter is now ripe for the Court's review.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge

**ORDER - 1**

> must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi,* 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005).

In this case, the Court has reviewed the objections filed by Plaintiff. The Court finds the arguments raised by Plaintiff are misplaced and the objections should be denied. The Court adopts by reference the factual background set forth in the Report and Recommendation. Simply stated, Plaintiff seeks to challenge the non-judicial foreclosure of her property alleging the foreclosure cannot proceed until the original promissory note is produced.

The Court finds as binding precedent *Trotter v. Bank of New York Mellon*, 275 P.3d 857 (Idaho 2012). In *Trotter,* the Idaho Supreme Court specifically held that the original note need not be produced prior to a foreclosure pursuant to the non-judicial foreclosure statute. That is the exact situation before the Court in the case at bar, so Plaintiff's argument that the original note must be produced is without merit.

**ORDER - 2**

To the extent Plaintiff's objection seeks to have the Uniform Commercial Code govern the non-judicial foreclosure, the Court rejects this argument as this is not an action to enforce the promissory note by Defendants. Plaintiff is attempting to challenge the Defendants right to proceed with a non-judicial foreclosure and it is Idaho's non-judicial foreclosure statute that controls.

Even Plaintiff's own state court decision, which is not binding on this Court, indicates the remedy if Plaintiff stated a claim for relief based on a failure to produce the note, would not be to quiet title in Plaintiff's behalf as Plaintiff is requesting in this case. Moreover, the Court finds as unpersuasive the state district court's analysis of the motion to dismiss in *Seward v. Fremont Investment & Loan*, case no. CV-2012-1078, May 31, 2012, Dkt. 43-1. Instead, the Court adopts the analysis in *Burton, et al. v. Countrywide Bank, FSB, et al.*, 2012 WL 976151, at *5 (D. Idaho Mar. 1, 2012) that the "show me the note" requirement is not applicable to non-judicial foreclosure actions in Idaho. *See also*, *Sykes v. Mortgage Electronic Registration Systems, Inc.*, et al., 2012 WL 914922, at *7 (D. Idaho Mar. 15, 2012).

In the present case, it is undisputed that Plaintiff has not tendered full payment of the monies due under promissory note, so she cannot seek a remedy of quiet title. *Trusty v. Ray*, 249 P.2d 814, 817 (Idaho 1952).

ORDER - 3

Plaintiff's MERS objection is also without merit. Plaintiff claims that MERS is both the beneficiary and the trustee, but this assertion is not supported by the record which clearly establishes that MERS is the beneficiary and Fidelity National Title Insurance Co. was the trustee. In this particular case, MERS does not hold legal title to the property, but does hold legal title to the security interest conveyed. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d, 1034, 1039 ( 9th Cir. 2011). Because Plaintiff's underlying premise is incorrect about the status of MERS, the objection fails.

Plaintiff raises a new argument in the objections that the promissory note was assigned but no corresponding deed of trust assignment occurred and that is a violation of Idaho Code § 45-1505(1) which requires all assignments of beneficiaries interest in a trust deed must be publicly recorded prior to foreclosure. Again, Plaintiff's objection misses its mark. In this case, the pleadings indicate the deed of trust, the assignment of the deed of trust and the appointment of the successor trustee were all recorded. *See* Motion to Dismiss, Exhibits A, B and D, Dkts. 11-1, 11-2 and 11-4. Plaintiff does not identify any deed of trust assignment that was not recorded. As long as MERS remained the beneficiary under the deed of trust, there was no assignment of the deed of trust that had to be recorded. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d, 1034, 1039 ( 9th Cir. 2011).

Finally, Plaintiff does not challenge Judge Bush's findings on the her other claims so the Court need not conduct a de novo review of those claims. It is interesting that Plaintiff claims her fear is that she will pay money to one lender and then later find out that she was not paying the true holder of the note. Yet, the facts are undisputed that the note is in default and Plaintiff is not paying the note. Further, this argument fails to recognize that Plaintiff would have a claim for unjust enrichment against a lender who was paid and was not entitled to the benefit of such payments. At this stage in the foreclosure process this "fear" is mere speculation and fails to state a valid claim for relief under the non-judicial foreclosure statute.

In reviewing the record in this matter, the Court finds Judge Bush's Report and Recommendation to be correct as to both the law and the application of the law to the facts of this case. The Plaintiff's objections are denied and the Amended Complaint must be dismissed as a matter of law.

## ORDER

**IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. 40) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Dkt. 11) is GRANTED and the matter is DISMISSED WITH PREJUDICE IN ITS ENTIRETY.

DATED: **August 15, 2012**

~~Honora~~ble Edward J. Lodge
U. S. District Judge